# IN THE COURT OF APPEALS OF IOWA

No. 19-1676
Filed September 22, 2021

**SEAN EDWARD KRIER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Louisa County, Mark Kruse, Judge.

Sean Krier appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Danilson and Doyle, S.J.J.*

*Senior judges assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

In 2009, the district court entered judgment and sentence on Sean Krier's guilty plea to third-degree sexual abuse, in violation of Iowa Code section 709.4(2)(c)(4) (2007). This court affirmed Krier's conviction on direct appeal, rejecting his claim that "trial counsel was ineffective in failing to assert section 903B.1 violates the federal and state constitutional provisions regarding cruel and unusual punishment, the separation of powers, equal protection of the laws, and procedural and substantive due process." *See State v. Krier*, No. 09-0256, 2009 WL 2184825, at *1, *2–7 (Iowa Ct. App. July 22, 2009). Procedendo issued in late 2009.

In 2010, Krier filed his first application for postconviction relief (PCR) (PCLA018594), contending his trial counsel was ineffective "for failing to advise him that his guilty plea would subject him to a mandatory minimum of five years of electronic monitoring (pursuant to Iowa Code section 692A.124 (2007)) and for failing to object to the prosecutor's alleged breach of the plea agreement." *Krier v. State*, No. 14-0425, 2015 WL 3623644, at *1 (Iowa Ct. App. June 10, 2015). The district court denied the PCR application, and this court affirmed that ruling on appeal. *See id.*

Krier filed the PCR application precipitating this appeal (PCLA018740) in 2014. Over the next four years, Krier amended his application several times to allege additional claims. The State filed a motion to dismiss, which the court denied, noting that although "[t]he procedural history of this case is convoluted and

a mess"[1] and "the State of Iowa is naturally frustrated with Krier's multiple efforts to litigate issues arising out of his conviction for sexual abuse," a motion for summary judgment, not a motion to dismiss "is the proper pretrial procedural vehicle for challenging Krier's multiple efforts to undo his conviction and sentence." The case was subsequently submitted to the court on the parties' production of various exhibits, transcripts, and written arguments, and the court thereafter entered an order denying Krier's application after separately addressing Krier's twelve claims.

As a part of these appellate proceedings, Krier filed a request of disqualification of counsel and, alternatively, requested permission to file a pro se reply brief. Our supreme court denied the request for disqualification of counsel and submitted the issue of whether the court may consider the subsequently-filed pro se brief in light of Iowa Code section 822.3A(1) (Supp. 2019) ("An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings."). Our review of Krier's brief reflects arguments

---

[1] We second this observation. Krier filed his second PCR application while his first was still pending. He has since filed several additional PCR applications, some raising duplicative claims, which have been denied or dismissed by the district court. *See* PCLA018782 (Krier's 2015 application claiming the parole board's decision to place him in work release instead of releasing him on parole constitutes an illegal sentence, because the statute at the time he was sentenced did not provide the option of work release; application dismissed in 2016); PCLA018819 (Krier's 2017 application challenging the revocation of his parolee status, contending he was denied due process; application denied in 2019, following a hearing); PCLA018945 (Krier's 2020 application to proceed in forma pauperis and declaration in support; application dismissed due to his failure to pay 20% of the filing fee).

raised in either his counsel's briefs, or previously addressed by Krier's pro se filings in district court proceedings, and made a part of our record to review. Accordingly, we find it unnecessary to consider Krier's pro se brief and thus the alternative relief he requests is denied.

On appeal, Krier challenges the court's rulings on eleven of his claims. Specifically, Krier argues:

1) PCR counsel in PCLA018594 was "ineffective for not raising issues and subjecting [Krier's] current claims to statute of limitations attack," the *Allison v. State*[, 914 N.W.2d 866 (Iowa 2018)] relation-back doctrine "preserve[s] rights as of the earlier date" of his original PCR application, and "the district court [should] be reversed on denying the PCR application on the grounds [that the claims were] untimely or outside the statute of limitations."

2) Trial counsel was "ineffective by failing to properly investigate the charge and be familiar with applicable law to properly advise Krier"; "trial counsel provided ineffective assistance of counsel by failing to be familiar with direct and mandatory applicable sentencing statutes and guidelines, specifically section 903B.1, and misadvised of the direct consequences of a guilty plea thereby inducing Krier to enter a guilty plea unknowingly and involuntarily."

3) The district court and trial counsel "failed to inform Krier of the applicable and mandatory fines, surcharges, and fees associated with his plea of guilty."

4) "Krier is currently serving an illegal sentence as the mandatory minimum term of section 906.15 was not applied to the section 903B.1 sentence."

5) Krier "was deprived the right to have two court appointed attorneys as he was facing a lifetime sentence."

6) "Trial counsel failed and Krier was not informed of the right to waive a jury trial and have a bench trial"; "[a]t the plea[] hearing, the trial court failed to inform Krier that he could waive a jury trial and have a bench trial to a judge. In addition, trial counsel failed to inform Krier of the option for a bench trial."

7)  "Krier is serving an illegal and unconstitutional sentence that exceeds the maximum sentence authorized by law, and constitutes a form of double jeopardy"; "the special sentence itself is not defined as any type of felony class, it is a stacking of a 2nd sentence onto the class C felony without notice being given to a defendant through the trial information filed. This stacking sentences or multiple punishments based on one single offense makes an illegal and unconstitutional sentence."

8)  "Trial counsel failed to properly advise and the trial court failed to inform Krier and Krier was misled regarding application of good time credits and the special sentence"; Krier "was led by the court and trial counsel to believe that the special sentence of section 903B would be reduced by section 903A for good time credits[, which] helped induce a guilty plea from Krier as it le[]d him to believe that his sentences would accordingly be reduced by earned time credits pursuant to section 903A."

9)  "Trial counsel failed to inform Krier of the mandatory parole fee[s,] treatment fee[s,] and residential fees incurred as a direct consequence of pleading guilty"; "at no time during the plea or at the sentencing hearing was [Krier] informed that he would be required to pay the incurred costs of sex offender treatment programming; the costs associated with administrative fees and penalties of the halfway house after his prison term; and the mandatory parole fee that is applied due to the special sentence of section 903B conferring by statute the guaranteed of parole for the rest of his life."

10) "The supervision and conditions of section 903B as administered violates the intent behind section 903B and constitutes cruel and unusual punishment in violation of the federal and state constitutions under the 8th amendment . . . [by] impos[ing] harsh, cruel, arbitrary, punitive and draconic conditions onto a sex offender's special sentence parole," [c]onditions that bear no relation to the offender's crime, or nexus to it."

11) "The State violated the plea agreement and sentencing order when Krier was placed in the residential facility at the expiration of his sentence."

At the outset, we find the district court correctly noted that several of Krier's claims "have already been adjudicated," many of the claims were "untimely," and

he was "bootstrapping . . . complaints into ineffective assistance of counsel claims in order to get around the three-year period in section 822.3." Nonetheless, the district court proceeded to address each of Krier's claims and found he had "failed to prove by the requisite proof any grounds for relief." We find no legal error in the court's conclusions. *See Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). The court further noted there was "no showing that [Krier] was prejudiced in any way."

On our de novo review, and placing weight on the district court's findings of credibility,[2] we agree with the court that Krier failed to meet his burden to prove his trial counsel was constitutionally defective. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (setting forth scope of review). More specifically, we conclude Krier was neither misadvised nor failed to be informed of any rights, penalties, or direct consequences to his prejudice as he urges in claim numbers 2, 3, 6, 8 and 9. Moreover, we agree with the district court that Krier's claim numbers 2, 4, 7, 9, 10, and 11 have been previously adjudicated and he is foreclosed from relitigating these claims.[3] In respect to claim number 5, Krier was not charged with a class "A" felony, and therefore the district court had no authority to appoint two counsel to represent him. *See* Iowa Code § 815.10(1)(b). We affirm the dismissal of Krier's application. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**

---

[2] The court specifically noted it found "credible the statements by [Krier's trial counsel]" and "contrary statements by [Krier]" were not credible.

[3] It follows that Krier's first PCR counsel was not ineffective in failing to raise those claims of ineffective assistance in PCLA018594. In light of this conclusion, we need not reach the State's assertions that Krier did not preserve error on his *Allison* contention and that the legislature's amendment to section 822.3 "effectively abrogates *Allison*." *Cf.* 2019 Iowa Acts ch. 140 § 34 (codified at Iowa Code § 822.3 (Supp. 2019)).